# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **BERNARD MCMAUGH** | : | |
| | : | |
| **v.** | : | **No. 1:20-cv-00067-MSM-LDA** |
| | : | |
| **PATRICIA COYNE-FAGUE** | : | |

### RESPONSE TO SHOW CAUSE ORDER

Respondent State of Rhode Island moved to dismiss petitioner Bernard McMaugh's Habeas Petition because it is time-barred under 28 U.S.C. § 2244(d)(1) and McMaugh has not exhausted his state court remedies in accordance with 28 U.S.C. § 2254(b)(1)(A). *See* Docket Entry No. 3 at 5-8. The State does not waive either of those defenses. It agrees, however, that McMaugh's Habeas Petition also appears to be moot.

McMaugh does not attack his state court convictions in his Habeas Petition, but rather, the Parole Board's October 2016 decision to parole him from the life sentence that he was serving for murder to a consecutive ten-year sentence for conspiracy. McMaugh asks this Court to order his "[i]mmediate release from confinement on parole status on both sentences under the terms and conditions as set forth by the Parole Board on [April 20, 2016]." Habeas Petition at 14. Since McMaugh has been released on parole, and there do not appear to be any collateral consequences to McMaugh from the Parole Board's October 2016 decision, this case no longer presents a case or controversy and, as such, is moot. *See, e.g., Cobos v. Unger*, 534 F. Supp. 2d 400, 404 (W.D.N.Y. 2008) ("[F]ederal courts have dismissed habeas petitions on mootness grounds where the petitioner had challenged only the legality of a parole denial but not the underlying conviction or sentence and subsequently was released on parole during the pendency of the petition.") (citing cases); *see also Snow v. Hill*, 203 F. App'x 84, 85-86 (9th Cir. 2006); *Carson v. Quarterman*, No.

3:08-CV-0099-K ECF, 2009 WL 1683401, at *2-*3 (N.D. Tex. 2009); *Mathews v. Hendricks*, No. Civ. A. 04-4033 (AET), 2005 WL 1115967, at *1-*3 (D.N.J. 2005).

For this reason, as well as those that the State articulated in the memorandum of law that it filed in support of its motion to dismiss, this Court should dismiss Bernard McMaugh's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,
**STATE OF RHODE ISLAND**
By its Attorneys,

**PETER F. NERONHA**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush
_____

Christopher R. Bush, #5411
Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI  02903
(401) 274-4400

Date:  February 5, 2021

## CERTIFICATION

I certify that on February 5, 2021, I filed this document electronically and that it is available for viewing and downloading from the ECF system.  I also certify that I mailed a copy of this document to the following on February 5, 2021:[1]

Bernard McMaugh
P.O. Box 8274
Cranston, R.I.  02920

/s/ Christopher R. Bush
_____

---

[1] Although Mr. McMaugh is no longer incarcerated at the Adult Correctional Institutions, he has not provided the State (or this Court) with a new address.